# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG DUONG,<br><br>              Plaintiff,<br><br>     v.<br><br>ITT EDUCATIONAL SERVICES, INC., et al.,<br><br>              Defendants. | Case No.  1:14-cv-01257-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION TO REMAND BE GRANTED<br><br>ECF NO. 28<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

On August 12, 2014, Plaintiff Hung Duong ("Plaintiff") filed a motion to remand this action back to state court for lack of jurisdiction. (ECF No. 28.) The motion was referred to the undersigned magistrate judge for findings and recommendations pursuant to 28 U.S.C. § 636(b).

The hearing on Plaintiff's motion took place on September 10, 2014. Attorney Kevin Schwin appeared in person on behalf of Plaintiff. Attorney Thomas McInerney appeared telephonically on behalf of Defendants ITT Educational Services, Inc., Sam Russell, and Allison Hawkins/Hopkins[1] ("Defendants").

For the reasons set forth below, the Court recommends that Plaintiff's motion to remand be granted.

---

[1] A declaration from Allison Hawkins/Hopkins indicates that she was formerly Allison Hawkins but is now Allison Hopkins. (Req. for Jud. Not. in Supp. of Defs.' Opp'n to Pl.'s Mot. for Remand, Ex. B, at ¶ 1.) Accordingly, the Court will refer to Ms. Hopkins by her current name.

1

## I.

## BACKGROUND

This action was removed from the Superior Court of California for the County of Alameda on June 9, 2014. (ECF No. 1.) This action was initially removed to the District Court for the Northern District of California. Defendants removed this action based upon diversity citizenship pursuant to 28 U.S.C. § 1332.

On June 16, 2014, United States Magistrate Judge Nathanael M. Cousins issued an Order to Show Cause Re: Subject Matter Jurisdiction and directed Defendants to show cause why diversity jurisdiction exists given that Plaintiff and two of the named defendants are citizens of California. (ECF No. 9.) Before the order to show cause was resolved, Defendants filed a motion to transfer venue to the District Court for the Eastern District of California pursuant to 28 U.S.C. § 1404(a). (ECF No. 13.) Plaintiff filed a motion to remand in the Northern District on July 3, 2014. (ECF No. 16.) On July 31, 2014, Defendants' motion to transfer venue was granted and the case was transferred from the Northern District to this Court.

Plaintiff's complaint asserts five causes of action for 1) retaliation under California's Fair Employment and Housing Act ("FEHA"), 2) discrimination based upon national origin under FEHA, 3) discrimination based upon age under FEHA, 4) discrimination based upon race under FEHA, and 5) defamation. Plaintiff names ITT Educational Services, Inc. ("ITT"), Sam Russell, and Allison Hawkins/Hopkins as defendants in this action. Plaintiff alleges that he was formerly employed by ITT, initially as an "Adjunct Instructor of Electronics and eventually as Chair of the Electronics Department. Plaintiff is a Vietnamese man who was 55 years old at the time of his termination.

Plaintiff further alleges that starting in August 2012, Defendant Hopkins began harassing Plaintiff, making unfounded accusations of poor job performance and failure to follow ITT's policies and procedures. In October 2012, Plaintiff applied for an opening for a position as Dean of ITT's Clovis, California campus. Plaintiff alleges he was asked to take a psychological/personality assessments as part of the application process, but other applicants were not asked to take this assessment. Plaintiff further alleges that Hopkins hired Pha

1   Mouavangsou, a 37-38 year old Hmong man, instead of Plaintiff.  Hopkins told Plaintiff that he
2   was not given an interview for the Dean position because he was not recommended for the
3   position based upon the results of the psychological/personality assessment.

4     Plaintiff alleges that after Mr. Mouavangsou was hired as dean, Mr. Mouavangsou began
5   harassing Plaintiff by giving him tasks with short deadlines, issuing warnings for failing to work
6   scheduled hours at times when Plaintiff was not scheduled to work, and usurping Plaintiff's
7   authority as Chair of the Electronics Department by hiring a candidate for an Adjunct Instructor
8   position with Plaintiff's approval or consent.  Plaintiff also alleges that Hopkins asked Plaintiff
9   to allow students in a particular class to take a make-up exam after failing the final exam despite
10  Plaintiff's objections that it would be unethical.

11    In May 2013, Plaintiff filed a complaint of harassment and discrimination with ITT's
12  Human Resources Department.  Defendant Russell was assigned to investigate Plaintiff's
13  complaint.  Russell interviewed Hopkins, Mr. Mouavangsou, and others in his investigation.  On
14  June 3, 2013, Russell sent Plaintiff an e-mail summarily dismissing his concerns.

15    From then on, Hopkins and Ms. Mouavangsou began retaliating against Plaintiff.
16  Plaintiff alleges that on June 7, 2013, Hopkins gave Plaintiff an excessively long list of tasks to
17  be completed on short notice before Plaintiff's vacation which began on June 10, 2013, causing
18  Plaintiff to cancel his vacation.

19    On June 12, 2013, Plaintiff was terminated.  Plaintiff later discovered that Russell and
20  Hopkins falsely reported to ITT's Human Resources Department that Plaintiff cancelled three
21  classes without approval and Plaintiff asked an Adjunct Instructor to sign blank, pre-dated
22  attendance forms.  Plaintiff learned that he was terminated due to these false reports.  Plaintiff
23  further alleges that, even if these false reports were true, Plaintiff was treated differently than
24  similarly situated employees who were not terminated or disciplined for signing blank, pre-dated
25  attendance forms or cancelling/rescheduling classes without approval.

26  / / /
27  / / /
28  / / /

## II.

## LEGAL STANDARDS FOR MOTIONS TO REMAND

Removal of an action from state court to federal court is generally governed by 28 U.S.C. § 1441, which states, in pertinent part:

> (a)     Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Motions to remand are governed by 28 U.S.C. § 1447(c), which states, in pertinent part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III.

## DISCUSSION

Plaintiff contends that remand is proper because this Court lacks subject matter jurisdiction over this action.  Specifically, Plaintiff argues that diversity jurisdiction does not exist under 28 U.S.C. § 1332 because Plaintiff and two of the defendants are citizens of the same state, California.

**A.     Jurisdictional Requirement of "Complete Diversity"**

Plaintiff argues that diversity jurisdiction does not lie because Plaintiff shares the same state of citizenship as Hopkins and Russell.  Diversity Jurisdiction is governed by 28 U.S.C. § 1332, which states, in pertinent part:

/ / /

>   (a)   The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>       (1)   citizens of different States;
>   ...

28 U.S.C. § 1332(a). Section 1332 requires "complete diversity" of citizenship, meaning that jurisdiction exists only in cases where the citizenship of each plaintiff is diverse from the citizenship of each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Defendants concede that Hopkins and Russell are citizens of California and would, in ordinary circumstances, destroy complete diversity because Plaintiff shares the same state of citizenship as Hopkins and Russell. However, Defendants argue that Hopkins and Russell are sham defendants fraudulently joined to this action whose citizenship should be disregarded for purposes of determining diversity.

### B.  Fraudulent Joinder/Sham Defendants

Defendants argue that Hopkins and Russell's citizenship should be disregarded because they were fraudulently joined. "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). "Further, the defendant 'is entitled to present the facts showing the joinder to be fraudulent.'" Id. (quoting McCabe, 811 F.2d at 1339).

The only claims asserted by Plaintiff against Hopkins and Russell are Plaintiff's claim for defamation under California law. Accordingly, to determine whether Hopkins and Russell are fraudulently joined, the Court must determine whether Plaintiff states a cognizable defamation claim against Hopkins and Russell.

### C.  Plaintiff's Defamation Claim: Privileged Statements

"The tort of defamation 'involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'"

5

Taus v. Loftus, 40 Cal. 4th 683, 720 (2007) (quoting 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 529, p.782).  Plaintiff alleged that Hopkins and Russell publicized reports that Plaintiff improperly canceled classes and asked another instructor to sign blank, pre-dated attendance sheets.  Plaintiff alleges that these reports were false, defamatory, and lead to Plaintiff's termination.

The only element of Plaintiff's defamation claim at issue in this motion to remand is whether the allegedly defamatory statements were privileged.  Defendants argue that Plaintiff fails to state a claim against Hopkins and Russell because the alleged statements made by Hopkins and Russell are privileged under California Civil Code § 47(c).  Section 47 states:

> A privileged publication or broadcast is one made:
> ...
> (c)   In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee. This subdivision shall not apply to a communication concerning the speech or activities of an applicant for employment if the speech or activities are constitutionally protected, or otherwise protected by Section 527.3 of the Code of Civil Procedure or any other provision of law.

Cal. Civ. Code § 47.

Section 47 does not apply to defamatory statements made with malice.  "[M]alice has been defined as 'a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person.'"  Brown v. Kelly Broadcasting Co., 48 Cal. 3d 711, 723 (1989) (quoting Argarwal v. Johnson, 25 Cal. 3d 932, 944 (1979)).  "Malice may be established by showing the publisher of a defamatory statement lacked reasonable grounds to believe the statement was true, and therefore acted with a reckless disregard for the rights of the person defamed."  Kashian v. Harriman, 98 Cal. App. 4th 892, 931 (2002) (citing Cuenca v. Safeway

6

1  San Francisco Employees Fed. Credit Union, 180 Cal. App. 3d 985, 997 (1986)).

2  　　　As an initial matter, Defendants argue that Plaintiff bears the burden of proving the
3  existence of malice to rebut Defendants' initial demonstration that the defamatory
4  communications were privileged.  See Lundquist v. Reusser, 7 Cal. 4th 1193, 1208 (1994).
5  However, in this procedural context, where Defendants removed the action to federal court and
6  Plaintiff seeks to remand the action back to state court, Defendants bear the burden of
7  demonstrating fraudulent joinder.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir.
8  2009); Bertrand v. Aventis Pasteur Laboratories, Inc., 226 F. Supp. 2d 1206, 1212 (D. Ariz.
9  2002) ("The party alleging fraudulent joinder bears the burden of proving the alleged fraud.").
10 Accordingly, Defendants bear the "heavy burden" of overcoming the "strong presumption
11 against removal jurisdiction" and the "general presumption against fraudulent joinder."  Hunter,
12 582 F.3d at 1046.  Therefore, Defendants bear the burden of demonstrating that removal
13 jurisdiction exists because Plaintiff's defamation claim against Hopkins and Russell fails because
14 their statements were privileged.

15 　　　In determining whether joinder is fraudulent, the Ninth Circuit has described the process
16 as a "summary inquiry":

17 　　　　　[a] summary inquiry is appropriate only to identify the presence of
　　　　　　discrete and undisputed facts that would preclude plaintiff's
18 　　　　　recover against the in-state defendant' [and] 'the inability to make
　　　　　　the requisite decision in a summary manner itself points to an
19 　　　　　inability of the removing party to carry its burden.

20 Hunter, 582 F.3d at 1044 (quoting Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573-74 (5th
21 Cir. 2004)); see also Huber v. Tower Group, Inc., 881 F. Supp. 2d 1195, 1200 n.4 (E.D. Cal.
22 2012); Amarant v. Home Depot U.S.A., Inc., No. 1:13-cv-00245-LJO-SKO, 2013 WL 3146809,
23 at *11 (E.D. Cal. Jun. 18, 2013)).  To meet their burden of demonstrating fraudulent joinder, a
24 defendant must demonstrate that there is no possibility that the plaintiff may prevail on the cause
25 of action against the in-state defendant.  See Plute v. Roadway Package System, Inc., 141 F.
26 Supp. 2d 1005, 1008 (N.D. Cal. 2001).

27 　　　At the hearing, Defendants acknowledged that Plaintiff's complaint alleges malice, but
28 contends that the allegations supporting malice are boilerplate and conclusory.  The Court

7

disagrees. As an initial manner, Plaintiff alleged that Hopkins and Russell harbored personal animosity toward Plaintiff, having harassed Plaintiff for no apparent reason on a number of occasions (see Compl. ¶¶ 14-27) and that Hopkins harassed Plaintiff later for retaliatory reasons (see Compl. ¶ 32.) Plaintiff alleged that Hopkins and Russell fabricated reports to ITT's Human Resources Department accusing Plaintiff of cancelling classes without approval and asking another instructor to sign blank, pre-dated attendance forms. (Compl. ¶ 34.) Plaintiff alleges that he was terminated as a result of these false accusations. (Compl. ¶ 34.) Plaintiff alleges that Hopkins and Russell acted in bad faith, by using the investigation of Plaintiff's complaints of harassment to fabricate instances of Plaintiff's misconduct. (Compl. ¶ 43.) With respect to the accusation that Plaintiff cancelled classes without approval, Plaintiff specifically alleges that Hopkins and Russell knew that Plaintiff had rescheduled those classes and raised no issue with it until after Plaintiff filed his harassment complaint. (Compl. ¶ 44.) Plaintiff alleges that these defamatory accusations were fabricated as retaliation against Plaintiff's harassment complaint. (Compl. ¶ 88.) Plaintiff expressly alleged that no privilege applies because the accusations "were made with hatred, ill will, and an intent to vex, harass, annoy, and injure [Plaintiff] in order to justify the illegal retaliatory and discriminatory termination of his employment." (Compl. ¶ 95.) Plaintiff alleges that the accusations "were made with knowledge of the falsity of the statements or reckless disregard of the truth." (Compl. ¶ 96.)

Looking at the allegations as a whole, the Plaintiff's complaint paints a picture whereby Hopkins and Russell deliberately fabricated accusations damaging to Plaintiff's reputation in retaliation for Plaintiff filing a complaint accusing Hopkins and Mr. Mouavangsou of harassing Plaintiff. Thus, Hopkins and Russell's actions fall squarely within the definition of "malice": a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person. Brown, 48 Cal. 3d at 723 (quoting Argarwal v. Johnson, 25 Cal. 3d 932, 944 (1979)). The Court finds that the above allegations are sufficient to support the conclusion that Defendants' defamatory statements were unprivileged.

/ / /

/ / /

1       **D.**       **Defendants' Request for Judicial Notice**

Defendants support their opposition to the motion to remand with a request for judicial notice. (ECF No. 31.) Defendants request that the Court take judicial notice of two declarations filed by Defendants while this case was filed in the Northern District, a declaration from Sam Russell and a declaration from Allison Hopkins.

The Court may take judicial notice as to the authenticity and existence of a declaration filed in a different court, but may not take judicial notice of the veracity and validity of the content of the declaration. Cactus Corner, LLC v. U.S. Dept. of Agriculture, 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004). In other words, the Court could take judicial notice of the fact that the Hopkins and Russell's declarations were filed in the Northern District, but the Court may not take judicial notice of the facts recited in those declarations, unless the facts is not subject to reasonable dispute. Fed. R. Evid. 201. Accordingly, Defendants' request to take judicial notice of the contents of Hopkins and Russell's declarations is denied.

Although Defendants request for judicial notice is improper, the Court recognizes that Defendants are permitted to present facts outside the pleadings which show that joinder was fraudulent. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However, Defendants must demonstrate fraudulent joinder by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

As discussed above, Defendants carry the "heavy burden" of identifying discrete and undisputed facts that demonstrate that Plaintiff fails to state a defamation claim against Hopkins and Russell. Hunter, 582 F.3d at 1044-46. Even though the Court may consider Hopkins and Russell's declarations in deciding this issue, these declarations are insufficient to satisfy Defendants' burden. Hopkins and Russell's testimony merely rebuts the allegations in Plaintiff's complaint, which suggests that the material facts are disputed. For example, Plaintiff alleged that he never asked someone to sign undated attendance records or improperly rescheduled a class, whereas Russell testified that his investigation lead Russell to believe that Plaintiff had asked someone to sign undated attendance records and had rescheduled classes without authorization. This issue is likely to be disputed by the parties. The Court recognizes that

Plaintiff has not had the opportunity to conduct discovery to vet Hopkins and Russell's testimony. Given the early stage of this action, the Court finds that Defendants have not carried their "heavy burden" of overcoming the "strong presumption against removal jurisdiction" and the "general presumption against fraudulent joinder." Hunter, 582 F.3d at 1046. Nor has Defendants identified discrete and undisputed facts that demonstrate that Hopkins and Russell are sham defendants. Defendants have only identified disputed facts which, if proven in Defendants' favor, would disprove Plaintiff's claim. This is not sufficient to justify removal based upon diversity jurisdiction and fraudulent joinder at this stage. Otherwise, any defendant in any diversity action could defeat diversity jurisdiction by submitting a declaration refuting Plaintiff's allegations.

Based upon the foregoing, the Court finds that Defendants have not demonstrated that joinder was fraudulent and that this action should be remanded back to state court.

### E.  Plaintiff's Request for Attorneys' Fees

Plaintiff requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

In assessing whether Defendants possessed an objectively reasonable basis for removal, the Court is mindful that it is well-established that removal statutes must be construed narrowly in favor of remand to protect the jurisdiction of state courts and there is a "strong presumption" against removal jurisdiction. Harris, 425 F.3d at 698; Gaus, 980 F.2d at 566. Further, Defendants' carry a "heavy burden" of proving joinder was improper. Hunter, 582 F.3d at 1044.

Several courts have recognized that fraudulent joinder is not established when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant. Hernandez v. Ignite Restaurant Group, Inc., 917 F. Supp. 2d 1086, 1089-90 (E.D. Cal. 2013); Aaron v. Merck & Co., Inc., No. CV 05-4073-JFW (MANx), 2005 WL 5792361, at *2 (C.D.

1  Cal. Jul. 26, 2005); Plute, 141 F. Supp. 2d at 1008; Good v. Prudential Ins. Co. of America, 5 F.
2  Supp. 2d 804, 807 (N.D. Cal. 1998).  When viewed in light of this standard, the Court finds that
3  Defendants' attempt at removal was objectively unreasonable.  Defendants' attempt at removal
4  was premised upon their denial of Plaintiff's factual allegations.  It should have been abundantly
5  clear, in light of the legal standards established in the cases cited above, that fraudulent joinder
6  cannot simply be based upon the creation of a factual dispute by Defendants denying the truth of
7  Plaintiff's factual allegations.

8  Defendants argue that in the three cited by Plaintiff, the Court did not award attorneys'
9  fees and therefore the Court should not award attorneys' fees here.  See Umamoto v. Insphere
10 Ins. Solutions, Inc., No. 13-CV-0475-LHK, 2013 WL 2084475 (N.D. Cal. May 14, 2013);
11 Hernandez v. First Student, Inc., No. CV 10-8243 SVW (FMOx), 2010 WL 5313293 (C.D. Cal.
12 Dec. 16, 2010); Berger v. Devereaux, CV 08-02318 MMM (AGRx), 2008 U.S. Dist. LEXIS
13 51816, at *12-39 (C.D. Cal. Jun. 6, 2008);  However, if anything, the existence of three prior
14 cases involving defamation claims against coworkers where courts have rejected removal based
15 upon fraudulent joinder renders Defendants' actions less objectionably reasonable.  Defendants
16 have identified no cases which counter Plaintiff's cases, meaning the weight of authority was
17 firmly against Defendants' position.

18 The amount of fees awarded under Section 1447(c) must be reasonable.  Albion Pacific
19 Property Resources, LLC v. Seligman, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004).  A
20 reasonable attorney fee is the number of hours and the hourly rate that would be billed by
21 'reasonably competent counsel.'"  Id. (quoting Venegas v. Mitchell, 495 U.S. 82, 86 (1990)).
22 Defendant presented no argument regarding the reasonableness of the amount of fees requested
23 by Plaintiff.  The Court finds that the $2,605 in attorneys' fees and costs requested by Plaintiff,
24 based upon 8.4 hours of attorney work and $85 in costs, are reasonable.  Accordingly, the Court
25 recommends that Plaintiff be awarded $2,605 in fees and costs pursuant to 28 U.S.C. § 1447(c).

26 **IV.**
27 **CONCLUSION AND RECOMMENDATION**
28 For the reasons set forth above, the Court finds that subject matter jurisdiction does not

exist because of the absence of complete diversity between Plaintiff and Defendants. The Court further finds that Defendants have not demonstrated that Defendants Hopkins and Russell were fraudulently joined. Further, the Court finds that removal was not objectively reasonable and recommends an award of attorneys' fees to Plaintiff.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion to remand be GRANTED. The Court recommends that this action be remanded to state court and that Plaintiff be awarded $2,605 in fees and costs pursuant to 28 U.S.C. § 1447(c).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 10, 2014**

UNITED STATES MAGISTRATE JUDGE